Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 286260
nakkisa.akhavan@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 785-3008
Facsimile: (213) 894-1301
E Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION


Attorney for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>LEOPALACE GUAM CORPORATION DBA LEOPALACE RESORT,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT - TITLE VII**<br><br>• National Origin Discrimination (Non-Japanese) – Wages, Benefits, Terms, and Conditions)<br><br>42 U.S.C. §§ 2000e, *et seq*.<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of national origin and retaliation and to provide appropriate relief to Charging Parties and a class of similarly aggrieved individuals (collectively, "Claimants") who were adversely affected by such practices.

As set forth with greater particularity in this Complaint, Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or "Commission") alleges that Defendant Leopalace Guam Corporation dba Leopalace Resort ("Leopalace Guam" or "Defendant") engaged in unlawful discrimination based on national origin (non-Japanese) when it subjected the non-Japanese Claimants to less favorable wages, benefits, terms, and conditions of employment compared to Japanese employees who held equivalent or subordinate positions.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, and 1345.

2. This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the District Court of Guam for the Territory of Guam.

## PARTIES

4. Plaintiff, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action pursuant by § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Leopalace Guam has been a Guam corporation doing business in the Territory of Guam and has continuously had at least fifteen (15) employees.

6. At all relevant times, Leopalace Guam has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

7. More than thirty (30) days prior to the institution of this lawsuit, Charging Parties filed charges of discrimination with the Commission alleging violations of Title VII by Defendant Leopalace Guam.

8. On March 28, 2022, the Commission issued to Defendant Leopalace Guam Letters of Determination finding reasonable cause to believe that Leopalace Guam had violated Title VII and inviting Leopalace Guam to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. On September 7, 2022, the Commission issued to Defendant Leopalace Guam Notices of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of the lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Since at least 2015, Defendant Leopalace Guam engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) by subjecting the non-Japanese Claimants to less favorable wages, benefits, terms, and conditions of employment compared to Japanese employees who held equivalent or subordinate positions and in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by subjecting them to retaliation.

12. The effect of the practices complained of in paragraph 11 above has been to deprive the non-Japanese Claimants of equal employment opportunities and otherwise adversely affect their status as employees because of their national origin (non-Japanese).

13. The unlawful employment practices complained of in paragraph 11 above were intentional and caused the non-Japanese Claimants to suffer emotional distress.

14. The unlawful practices complained of in paragraph 11 above were done with malice or with reckless indifference to the federally protected rights of the non-Japanese Claimants.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging in employment practices that discriminate on the basis of national origin;

B. Order Defendant to institute and carry out policies, practices, programs that provide equal employment opportunities for non-Japanese employees;

C. Order Defendant to make the non-Japanese Claimants whole by providing compensation for past and future pecuniary losses, including appropriate back pay, front pay, lost benefits, relocation expenses, and other out-of-pocket losses, with prejudgment interest, in amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement, removal of documents relating to undeserved discipline, and provision of neutral employment references;

D. Order Defendant to make the non-Japanese Claimants whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial;

E. Order Defendant to pay the non-Japanese Claimants punitive damages for malicious and/or reckless conduct complained of above, in amounts to be determined at trial;

F. Award the Commission its costs of this action; and

G. Grant such further relief as the Court deems necessary and proper in the public interest.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: February 10, 2025

Respectfully Submitted,

ANDREW ROGERS,
Acting General Counsel
Washington, DC

CHRISTOPHER LAGE,
Deputy General Counsel
Washington, DC

GWENDOLYN Y. REAMS,
Associate General Counsel,
Washington, DC

By: _____
ANNA Y. PARK
Regional Attorney
Los Angeles District Office

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION